**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PORSCHE CARS NORTH AMERICA,
INCORPORATED; DR. ING.H.C.F.
PORSCHE AG,
<u>Plaintiffs-Appellants,</u>

v.

ALLPORSCHE.COM; BOXTERS.COM;
BUYAPORSCHE.COM; E-PORSCHE.COM;
EVERYTHINGPORSCHE.COM;
LAPORSCHE.COM; MYPORSCHE.COM;
PASSION-PORSCHE.COM; PORSCHE.NET;
PORSCHE.ORG; PORSCHE-BOOKS.COM;
PORSCHE-CITY.COM; PORSCHE-
LEASING.COM; PORSCHE-

MODELLCLUB.COM; PORSCHE-
MUNICH.COM; PORSCHE-NET.COM;
PORSCHE-NL.COM; PORSCHE-
ONLINE.COM; PORSCHE-SALES.COM;
PORSCHE-SERVICE.COM; PORSCHE-
SUPERCUP.COM; PORSCHE-WEB.COM;
PORSCHE4ME.COM; PORSCHE4SALE.COM;
PORSCHE911.ORG;
PORSCHE911PARTS.COM;
PORSCHE914.COM; PORSCHE924.COM;
PORSCHE944.COM; PORSCHE993.COM;
PORSCHE986.COM;
PORSCHEBOOKS.COM;

No. 99-1804

PORSCHEBOXTER.COM;
PORSCHECARRERA.COM;
PORSCHECARSALES.COM;
PORSCHECARSFORSALE.COM;
PORSCHECASINO.COM;
PORSCHECHAT.COM;
PORSCHECLASSIFIED.COM;
PORSCHECLUB.NET; PORSCHECLUB.ORG;
PORSCHEDEALER.COM;
PORSCHEDEALER.NET;
PORSCHEDEALERS.COM;
PORSCHEDEALERS.NET;
PORSCHEDIRECT.COM;
PORSCHEFANS.COM;
PORSCHEFLEET.COM; PORSCHEFX.COM;
PORSCHEHAUS.COM;

PORSCHELEASE.COM;
PORSCHELOAN.COM;
PORSCHELOANS.COM;
PORSCHELYNN.COM; PORSCHEMAIL.COM;
PORSCHENOW.COM; PORSCHENUT.COM;
PORSCHEOWNERS.COM;
PORSCHEOWNERSCLUB.COM;
PORSCHEPARTS.COM;
PORSCHEPARTS.NET;
PORSCHEPHILES.ORG;
PORSCHEPRODUCTS.COM;
PORSCHERACING.COM;
PORSCHERIMS.COM; PORSCHESTUFF.COM;
PORSCHETODAY.COM;
PORSCHETRADER.COM;
PORSCHEWEB.COM;

PORSCHEWORLD.COM;
PORSCHEZENTRUM.COM;
PORSCHEZENTRUM.NET; PORSHCE.COM;
PROSCHE.COM; USEDPORSCHE.COM;
USEDPORSCHES.COM;
WINAPORSCHE.COM,
<u>Defendants-Appellees.</u>

and

PORSCHE.COM, an internet domain
name; PORSCHECAR.COM;
PORSCHAGIRLS.COM; 928
PORSCHE.COM;
ACCESSORIES4PORSCHE.COM;
BEVERLYHILLSPORSCHE.COM;
BOXTER.COM; BOXTER.NET;
CALPORSCHE.COM;
FORMULAPORSCHE.COM;
IANPORSCHE.COM; IDOPORSCHE.COM;
LYNCHPORSCHE.COM;
NEWPORSCHE.COM;
PARTS4PORSCHE.COM;
P0[ZERO]RSCHE.COM;
PORSCHE-911.COM;
PORSCHE-911.NET;
PORSCHE-944.COM; PORSCHE-
ACCESSORIES.COM; PORSCHE-
AUTOS.COM; PORSCHE-CARRERA.COM;
PORSCHE-CARS.COM; PORSCHE-
CLASSIC.COM; PORSCHE-
EXCHANGE.COM; PORSCHE-LYNN.COM;
PORSCHE-RS.COM; PORSCHE356.COM;
PORSCHE911.COM; PORSCHE911.NET;
PORSCHEAG.COM;
PORSCHEAUDIPARTS.COM;
PORSCHECARS.COM;
PORSCHECONNECTION.COM

3

PORSCHEDIRECT.NET;
PORSCHEDOCTOR.COM;
PORSCHEFORMULA.COM;
PORSCHEGT.COM; PORSCHEONLINE.COM;
PORSCHEOWNER.COM; PORSCHES.COM;
PORSCHESALES.COM;
PORSCHESALESTODAY.COM;
PORSCHESCAPE.COM;
PORSCHESERVICE.COM;
PORSCHESPLAYHOUSE.COM;
PORSCHESTORE.COM;
PORSCHESTORE.NET;
PORSCHESUCKS.COM;
PRISTINEPORSCHE.COM;
ULTIMATEPORSCHE.COM,
Defendants.

PORSCHE CARS NORTH AMERICA,
INCORPORATED; DR. ING.H.C.F.
PORSCHE AG,
Plaintiffs-Appellees,
v.

PORSCHE.NET; PORSCHECLUB.NET,
Defendants-Appellants,
and

PORSCHE.COM, an internet domain
name; PORSCHECAR.COM;
PORSCHAGIRLS.COM; 928
PORSCHE.COM;
ACCESSORIES4PORSCHE.COM;
ALLPORSCHE.COM;
BEVERLYHILLSPORSCHE.COM;
BOXTER.COM; BOXTER.NET;

No. 99-2152

4

BOXTERS.COM; BUYAPORSCHE.COM; CALPORSCHE.COM; E-PORSCHE.COM; EVERYTHINGPORSCHE.COM; FORMULAPORSCHE.COM; IANPORSCHE.COM; IDOPORSCHE.COM; LAPORSCHE.COM; LYNCHPORSCHE.COM; MYPORSCHE.COM; NEWPORSCHE.COM; PARTS4PORSCHE.COM; P0[ZERO]RSCHE.COM; PASSION-PORSCHE.COM; PORSCHE.ORG; PORSCHE-911.COM; PORSCHE-911.NET; PORSCHE-944.COM; PORSCHE-ACCESSORIES.COM; PORSCHE-AUTOS.COM; PORSCHE-BOOKS.COM; PORSCHE-CARRERA.COM; PORSCHE-CARS.COM; PORSCHE-CITY.COM; PORSCHE-CLASSIC.COM; PORSCHE-EXCHANGE.COM; PORSCHE-LEASING.COM; PORSCHE-LYNN.COM; PORSCHE-MODELLCLUB.COM; PORSCHE-MUNICH.COM; PORSCHE-NET.COM; PORSCHE-NL.COM; PORSCHE-ONLINE.COM; PORSCHE-RS.COM; PORSCHE-SALES.COM; PORSCHE-SERVICE.COM; PORSCHE-SUPERCUP.COM; PORSCHE-WEB.COM; PORSCHE356.COM; PORSCHE4ME.COM; PORSCHE4SALE.COM; PORSCHE911.COM; PORSCHE911.NET; PORSCHE911.ORG; PORSCHE911PARTS.COM; PORSCHE914.COM; PORSCHE924.COM; PORSCHE944.COM; PORSCHE993.COM; PORSCHE996.COM; PORSCHEAG.COM; PORSCHEAUDIPARTS.COM;

5

PORSCHEBOOKS.COM;
PORSCHEBOXTER.COM;
PORSCHECARRERA.COM;
PORSCHECARS.COM;
PORSCHECARSALES.COM;
PORSCHECARSFORSALE.COM;
PORSCHECASIONO.COM;
PORSCHECHAT.COM;
PORSCHECLASSIFIED.COM;
PORSCHECLUB.ORG;
PORSCHECONNECTION.COM;
PORSCHEDEALER.COM;
PORSCHEDEALER.NET;
PORSCHEDEALERS.COM;
PORSCHEDEALERS.NET;
PORSCHEDIRECT.COM;
PORSCHEDIRECT.NET;
PORSCHEDOCTOR.COM;
PORSCHEFANS.COM;
PORSCHEFLEET.COM;
PORSCHEFORMULA.COM;
PORSCHEFX.COM; PORSCHEGT.COM;
PORSCHEHAUS.COM;
PORSCHELEASE.COM;
PORSCHELOAN.COM;
PORSCHELOANS.COM;
PORSCHELYNN.COM; PORSCHEMAIL.COM;
PORSCHENOW.COM; PORSCHENUT.COM;
PORSCHEONLINE.COM;
PORSCHEOWNER.COM;
PORSCHEOWNERS.COM;
PORSCHEOWNERSBLUB.COM;
PORSCHEPARTS.COM;
PORSCHEPARTS.NET;
PORSCHEPHILES.ORG;
PORSCHEPRODUCTS.COM;

6

PORSCHERACING.COM;
PORSCHERIMS.COM; PORSCHES.COM;
PORSCHESALES.COM;
PORSCHESALESTODAY.COM;
PORSCHESCAPE.COM;
PORSCHESERVICE.COM;
PORSCHESPLAYHOUSE.COM;
PORSCHESTORE.COM;
PORSCHESTUFF.COM;
PORSCHETODAY.COM;
PORSCHETRADER.COM;
PORSCHEWEB.COM;
PORSCHEWORLD.COM;
PORSCHEZENTRUM.COM;
PORSCHEZENTRUM.NET; PORSHCE.COM;
PROSCHE.COM; USEDPORSCHE.COM;
USEDPORSCHES.COM;
WINAPORSCHE.COM;
PORSCHESTORE.NET;
PORSCHESUCKS.COM;
PRISTINEPORSCHE.COM;
ULTIMATEPORSCHE.COM,
Defendants.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CA-99-6-A)

Argued: April 6, 2000

Decided: June 9, 2000

Before WILKINSON, Chief Judge, MOTZ, Circuit Judge,
and HAMILTON, Senior Circuit Judge.

_____

7

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas R. Lee, HOWARD, PHILLIPS & ANDERSEN, P.C., Salt Lake City, Utah, for Appellants. Darren James Quinn, LAW OFFICES OF DARREN J. QUINN, San Diego, California, for Appellees. **ON BRIEF:** Gregory D. Phillips, HOWARD, PHILLIPS & ANDERSEN, P.C., Salt Lake City, Utah; John F. Anderson, RICH-ARDS, MCGETTIGAN, REILLY & WEST, Alexandria, Virginia, for Appellants. Paul M. DeCicco, LAW OFFICES OF PAUL MICHAEL DECICCO, San Deigo, California, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Porsche Cars North America, Inc. and Dr. Ing. h.c.F. Porsche A.G. (collectively "Porsche") filed this action in the United States District Court for the Eastern District of Virginia on January 6, 1999, asserting a federal trademark dilution claim under section 43(c) of the Lanham Act, see 15 U.S.C.A. § 1125(c) (West 1998), against each of 128 individual Internet domain names (collectively the Defendant Domain Names). Porsche alleged that each defendant domain name illegally dilutes either its "Porsche" or its "Boxster" federally registered trademarks. With respect to relief, Porsche sought an injunction and order transferring and/or forfeiting to it the Defendant Domain Names.

Instead of asserting that the district court had in personam jurisdiction over the persons or entities which registered the Defendant Domain Names, Porsche premised its action on in rem jurisdiction over the Defendant Domain Names themselves pursuant to 28 U.S.C.

8

§ 1655.**1** Upon motion by defendants PORSCHE.NET and PORS-CHECLUB.NET, the district court rejected Porsche's assertion that 28 U.S.C. § 1655 permitted it (the district court) to exercise in rem jurisdiction over the Defendant Domain Names and dismissed the entire action for lack of in personam jurisdiction.**2** See Fed. R. Civ. P. 12(b)(2). Contending this case was an exceptional one, PORS-

---

**1** Title 28 U.S.C. § 1655 permits the institution of a limited class of cases in federal district court without acquiring personal jurisdiction over the defendant by means of service of process within the forum state. See 28 U.S.C.A. § 1655 (West 1994); 14 Charles Allen Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3632. Specifically, the statute provides:

> In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant can not be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.
>
> Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.
>
> If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.
>
> Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.

Id.

**2** PORSCHE.NET and PORSCHECLUB.NET also moved to dismiss the action with respect to them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court held that it did possess subject matter jurisdiction, but did not address whether the complaint failed to state a claim against PORSCHE.NET or PORSCHECLUB.NET.

9

CHE.NET and PORSCHECLUB.NET moved to recover their attorneys' fees as prevailing parties. See 15 U.S.C.A. § 1117(a) (West 1998). The district court denied their motion.

Porsche noted a timely appeal of the district court's dismissal of its complaint, and PORSCHE.NET and PORSCHECLUB.NET noted a timely cross-appeal of the district court's order denying their motion for attorneys' fees. During the pendency of the present appeal, Congress enacted the "Anticybersquatting Consumer Protection Act," (the Anticybersquatting Act), with an effective date of November 29, 1999. See Pub. L. No. 106-113, 113 Stat. 1501A-545 (1999). Of relevance to the present appeal, the Anticybersquatting Act amended the Lanham Act to expressly allow, under certain circumstances, the owner of a federally registered trademark to file an in rem civil action against a domain name for trademark dilution under section 43(c) of the Lanham Act. See 15 U.S.C.A. § 1125(d)(2)(A) (West Supp. 2000). The Anticybersquatting Act specifies that such a civil action may be filed against domain names registered before, on, or after the date of its enactment. See § 3010, 113 Stat. at 1501A-552. Thus, the Anticybersquatting Act applies retroactively to Porsche's action against the Defendant Domain Names.

All parties agree that the district court did not have an opportunity to consider, before ruling on PORSCHE.NET and PORSCHE-CLUB.NET's motion to dismiss for lack of in personam jurisdiction, the applicability of the Anticybersquatting Act's in rem provisions specifically permitting, under certain circumstances, the filing of an in rem civil action against a domain name for trademark dilution under section 43(c) of the Lanham Act. Before we would undertake the possibly unnecessary task of determining whether 28 U.S.C. § 1655 provides a basis for in rem jurisdiction in Porsche's action for trademark dilution, we believe the most prudent and judicious course of action is to provide the district court with such an opportunity. Accordingly, we vacate the district court's order of dismissal and remand the case for reconsideration of PORSCHE.NET and PORS-CHECLUB.NET's motion to dismiss for lack of in personam jurisdiction in light of the in rem provisions of the Anticybersquatting Act. Our disposition of the district court's order of dismissal moots PORS-

10

CHE.NET and PORSCHECLUB.NET's cross-appeal pertaining to
the district court's denial of their motion for attorneys' fees.**3**

<u>VACATED AND REMANDED</u>

_____

**3** As an alternative basis for affirmance, PORSCHE.NET and PORS-
CHECLUB.NET argue that Porsche's claims against them should be dis-
missed for lack of subject matter jurisdiction pursuant to Federal Rule of
Civil Procedure 12(b)(1) on the basis that the claims are not ripe. This
alleged lack of ripeness, they contend, is due to Porsche's purported fail-
ure to allege any immediate or future injury to Porsche caused by them.
We have reviewed this proposed alternative basis for affirmance and find
it to be without merit.

We express no opinion upon PORSCHE.NET and PORSCHE-
CLUB.NET's second proposed alternative basis for affirmance--
dismissal for failure to state a claim upon which relief can be granted
pursuant to Federal Rule of Civil Procedure 12(b)(6)--which the district
court did not address. <u>See Singleton v. Wulff</u> , 428 U.S. 106, 120 (1976)
("It is the general rule, of course, that a federal appellate court does not
consider an issue not passed upon below.").

11